Domenico MASCARIN

v.

J. W. HOLLAND, District Director, Immigration and Naturalization Service.

Civ. A. No. 19982.

United States District Court
E. D. Pennsylvania.

July 17, 1956.

John A. M. McCarthy, Philadelphia, Pa., for petitioner.

Joseph J. Zapitz, Asst. U. S. Atty., W. Wilson White, U. S. Atty., Philadelphia, Pa., for the Government.

KRAFT, District Judge.

Domenico Mascarin, 37 years old, was born in Neresine, Province of Pola, then a part of Italy but now of Jugoslavia. Until his arrival here in 1951 virtually his entire adult life had been spent at sea, first in the Italian merchant marine, later in the Italian Navy, and after the war again as a merchant seaman. On October 15, 1951, while serving aboard the Panamanian S. S. A. L. Kent, then newly arrived and docked at Baltimore, Md., he was granted shore leave for a period not to exceed 29 days, pursuant to Section 3(5) of the Immigration Act of 1924, now 8 U.S.C.A. § 1101(a) (15) (D) relating to the temporary admission of alien seamen.

Mascarin did not report back to the ship. Instead he removed to Philadelphia, took up residence with a relative and obtained employment, all with the intention of remaining permanently in the United States.

A warrant of arrest was served upon him on October 15, 1953, after which full administrative hearings were held. A final determination was made that he was an alien subject to deportation. He then applied for and was refused an adjustment of his status under Section 6 of the Refugee Relief Act of 1953, 67 Stat. 403, 50 U.S.C.A.Appendix, § 1971d. His petition to this court asks review of a final administrative determination that he is not entitled to adjustment of his status under that Act.

Section 6 provides in part: "Any alien who establishes that prior to July 1, 1953, he lawfully entered the United States as a bona fide nonimmigrant and that he is unable to return to the country of his birth, or nationality, or last residence because of persecution or fear of persecution on account of race, religion, or political opinion * * * may * * * apply to the Attorney General of the United States for an adjustment of his immigration status."

Mascarin asserts that he fears persecution if he returns to Neresine, the village of his birth, which is now part of Jugoslavia. He claims he is persona non grata to the Tito regime because he served in the Italian Navy, cooperated with Americans and because he is a Catholic. At the same time he claims to be unwelcome in Italy which, he contends, considers him to be a subject of Jugoslavia.

To support his position, Mascarin must show that there is a rational basis underlying his fear of persecution. Lavdas v. Holland, 3 Cir., 235 F.2d 955. He has made no such showing here. There is no evidence to show that, as an adult, he ever lived in the village of his birth. The record is devoid of evidence to sustain his contention that acquisition by Jugoslavia of former Italian territory embracing the village in which Mascarin was born would divest him, as an adult Italian citizen, of his Italian citizenship or would impose upon him Jugoslavian citizenship.

After his discharge from the Italian Navy he lived in Trieste from March to September 1948, and in Genoa from September 1948 until January 7, 1949. Genoa, Italy was his last foreign residence. These facts together with his long service in and honorable discharge from the Italian Navy afford little support to his present contention that Italy would look upon him as a Jugoslav national. Every

assertion made by Mascarin before his self-interest in remaining here was activated, was that he was a citizen of Italy.

The Special Inquiry Officer has concluded and the evidence amply supports his conclusion that "the applicant is identified in the certificate of his arrival as being of Italian nationality and Italian race, and it would follow that as Italy is a democratic country the applicant can return to the country of his birth and last residence without fear of persecution because of his race, religion or political opinion."

The application was denied as well on the ground that Mascarin is not a "bona fide nonimmigrant" alien who "lawfully entered the United States". While he did enter the country lawfully in the sense that his temporary shore leave was granted pursuant to Act of Congress, he was not a bona fide nonimmigrant within the meaning of the Refugee Relief Act if at the time he left ship he intended to remain in the United States. United States ex rel. Feretic v. Shaughnessy, 2 Cir., 1955, 221 F.2d 262. The Special Inquiry Officer found as fact that his intention at that time was to remain in the country. The evidence is ample to sustain that finding.

In a sworn statement taken in Philadelphia on October 14, 1953, he was asked "10-Q. What was your destination, for what purpose did you enter, and how long did you intend to stay." He answered: "To Philadelphia, Pa. To my Aunt's * * * at Phila., Pa. I intended to stay as long as I could." When questioned further about this answer he stated "I intended to stay as long as I could and to legalize my status in the United States, because my home in [Pola] Neresine remained in Jugoslavia where I did not want to go and the only relative I have is my Aunt in Phila."

Consistently throughout the subsequent hearings, Mascarin insisted that his intention to stay permanently in the United States had not been formed until after he had safely arrived on shore. However, his statements made after deportation proceedings began must be carefully weighed in light of his evident self-interest. As the original fact finder, the Special Inquiry Officer had the duty of weighing the credibility of such inconsistent or contradictory statements and believing those which, in his opinion, are most credible. He gave credence to those statements made before the deportation proceedings were begun, and this court is powerless to disturb a finding which the evidence adequately supports.

### Order

Now, July 17, 1956, the petition for review of Domenico Mascarin is dismissed and the stay of proceedings vacated.